[L. A. No. 3498.   Department Two.—January 27, 1916.]

MAUD GUYER, Respondent, v. STERLING LAUNDRY COMPANY, a Copartnership Consisting of CHARLES H. CLAY and WILLIAM V. CLAY, Appellants.

NEGLIGENCE—UNSAFE APPLIANCE—STEAM MANGLE WITHOUT PROTECTING GUARD—OPERATIVE OF TENDER YEARS.—The proprietor of a steam laundry, who places a young woman of the age of nineteen years in charge of a mangle—a rapidly revolving heated cylinder about six feet long—without providing any guard to prevent the catching and drawing in of the operator's hands, is guilty of negligence for his failure to supply his operative with the reasonably safe appliance which the law demands.

ID.—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—Whether there was contributory negligence upon the part of such operative at the time of her injury, that is to say, whether, as a young girl of nineteen years of age, she did not comport herself with the care and prudence due from one of her years and experience, was a question for the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Morton, Hollzer & Morton, for Appellants.

R. A. Dunnigan, and E. B. Drake, for Respondent.

HENSHAW, J.—Plaintiff, a young woman nineteen years of age, sustained severe injury to her hand while in the employ of defendant. She was engaged in operating a machine known as a "baby mangle," a rapidly revolving heated cylinder about six feet long, used for the purpose of drying and pressing thin, soft fabrics, such as handkerchiefs, towels, etc. Plaintiff had been operating this machine for about two months before the accident happened. The machine itself appears to have been in perfect working order. At the time of the accident plaintiff was holding an apron in her hands and was stretching the apron to its limit to take out a crease, so that it would be pressed smoothly. While thus engaged, her right hand was caught, drawn under the steam-heated roller, crushed and burned. The injury further resulted in the contraction of the tendons of the fingers so as to incapacitate her from earning her livelihood at her chosen vocation, which was that of seamstress and dressmaker. The machine at which she was employed was not provided with any guard. The guard for such a machine is a rod of brass or other metal so placed in front of the revolving cylinder as to admit the clothes sought to be pressed, but preventing the catching and drawing in of the operator's hands. The complaint charged a failure upon the part of the defendant to provide plaintiff with a machine reasonably suitable and safe for her work, and specifically in failing to see that the machine was equipped with a guard such as has been described. Trial was had before a jury, whose verdict was for the plaintiff. From the judgment which followed and from the denial of defendant's motion for a new trial it prosecutes this appeal.

Many propositions which appellant here advances may promptly be resolved in its favor. Thus, it is true that the master is not liable for failure to warn the servant of the

danger where that danger is obvious, and that the employee ordinarily assumes the known risks and dangers of his occupation. Also, the evidence shows that plaintiff was sufficiently intelligent to have, and did have, a realization, indeed, a full appreciation, of the fact that injury to her would certainly result if her hand were caught and drawn under this rapidly revolving steam-heated roller. So also it is true, speaking now generally, that so far as concerns an employer's duty to his employee, the former is not bound to furnish the safest machinery or the best methods and appliances for the conduct of the particular operation in which the employee may be engaged. (*Sweeney* v. *Berlin etc. Co.*, 101 N. Y. 520, [54 Am. Rep. 722, 5 N. E. 358] ; *Wormell* v. *Maine etc. R. Co.*, 79 Me. 397, [1 Am. St. Rep. 321, 10 Atl. 49].) But there is a limitation to this doctrine dictated by humanity, demanded by experience and declared by this court. The cases pronouncing the general doctrine have had to do largely not only with employees who have attained their legal majority, but with employees who have arrived at the maturity of judgment and discretion. In our own books will be found many such cases, as *Bresette* v. *E. B. & A. L. Stone Co.*, 162 Cal. 74, [121 Pac. 312]. The time fixed by our law for attaining full legal majority—eighteen years for the girl, twenty-one years for the boy—embodies a useful and indeed a necessary declaration of the law, since some time must be named when the individual will become entitled to the full rights of the adult and be charged with his full duties and responsibilities. But the law itself cannot change the facts of existence, and no one will argue that merely because a girl of eighteen or a boy of twenty-one has attained legal majority they have thus and thereby been endowed with the care and discretion and judgment of full maturity. Physically, they may be fully mature. Mentally, a tremendous growth must take place, and usually does take place, before knowledge has ripened into wisdom and wisdom coupled with experience has developed a sound and sane judgment. A girl of nineteen is still in her youth. Youth is ever the time of heedlessness, of impulsiveness, and of forgetfulness. Lacking power of continuous application and concentration, it will, upon the other hand, center its thought for a brief time and to its peril upon one matter to the exclusion of all else. Those who employ young girls and young women in and about machinery which

may inflict injury are properly chargeable by the law with knowledge of these self-evident truths, and it becomes, therefore, their duty to guard youth against its own inevitable shortcomings. The employer in such a case is still charged only with the duty of furnishing reasonably safe machinery for his employees, but an appliance or machine to be reasonably safe in the case of a girl eighteen or nineteen years of age may properly require more safeguards than would be demanded in the exercise of reasonable care where the employee is a man of mature years and judgment, trained and skilled to his finger-tips in the matter of the occupation in which he is engaged. This court has declared in the case of another young girl of the same age and injured in like manner in the operation of an imperfectly guarded mangle, that such a machine is inherently dangerous, and that it was the duty of the employer, in view of the fact that it was operated by a young girl, to see that there were safety guards and that they were in good condition. (*Quinn* v. *Electric Laundry Co.*, 155 Cal. 500, [17 Ann. Cas. 1100, 101 Pac. 794].) The same declaration is made in another case where a young girl was injured by a like machine. (*Larsen* v. *Bloemer*, 156 Cal. 752, [106 Pac. 62].) In the latter case, also, it happened to the young girl that ''while attempting to smooth the cloth on the rollers thereof, and without fault on her part, her fingers were caught between the rollers.'' And it is in this case laid down as a sound proposition, quoting from *Sibbert* v. *Scotland Cotton Mills*, 145 N. C. 308, [59 S. E. 79], that ''recognizing the danger of such accidents, employers use such safety appliances as are in general use, either to avert the danger or to stop the machine in the event that an injury is imminent.'' The too-frequent recurrence of accidents such as this, in the operation of mangles, has led to the declaration of law which we repeat and approve, that to set a young girl or young boy at work at such a machine unprotected by a guard is a failure of the employer to supply his operative with the reasonably safe appliance which the law demands. But to supplement the law the evidence in this case shows, by at least one witness with knowledge of laundry machinery, and experience in various laundries, that all such mangles have guards on them, that this particular mangle was made with a guard, that he put the machine in position for work and called the attention of defendant to the fact that the guard was not on

the machine where it should have been, and was told not to mind and not to put it on. We hold, therefore, that negligence was shown upon the part of defendant. Whether contributory negligence upon the part of plaintiff was shown, that is to say, whether, as a young girl of nineteen years of age, she did not comport herself with the care and prudence due from one of her years and experience, was strictly a question for the jury, and was resolved against defendant's contention.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.