[L. A. No. 4635. In Bank.—April 22, 1919.]

JOHN MULLER, Respondent, v. STANDARD OIL COMPANY (a Corporation), et al., Appellants.

[1] NEGLIGENCE—VIOLATION OF MUNICIPAL ORDINANCE—USE OF TRICYCLE UPON SIDEWALK BY MINOR—PERMISSION OF FATHER—RECOVERY FOR INJURY.—A father who allows his four-year old son to use a tricycle on a city sidewalk in violation of an ordinance is himself guilty of a violation of the ordinance under section 31 of the Penal Code, and where such negligence proximately causes an injury to the child, the father cannot recover damages for such injury.

[2] ID.—ACTION FOR DEATH—PROXIMATE CAUSE OF ACCIDENT.—In this action by a father for damages for the death of his four-year old son, who was killed by being crushed under an oil truck at the crossing

of the sidewalk on which the child was riding his tricycle with the alley on which the truck was proceeding, it is held from the evidence that the use of the tricycle in violation of the ordinance with the father's consent, was a proximate cause of the accident.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis W. Myers, Judge. Reversed.

The facts are stated in the opinion of the court.

Mott & Dillon, Bradner W. Lee, Bradner W. Lee, Jr., and Kenyon F. Lee for Appellants.

Geo. M. Harker and R. T. Lightfoot for Respondent.

WILBUR, J.—Peter Muller, a boy of four years of age, while riding on a sidewalk on the west side of San Pedro Street at its crossing with the alley midway between Fourth and Boyd Streets in Los Angeles, was killed by being crushed under the right rear wheel of a five-ton oil truck owned by the defendant, Standard Oil Company, driven by defendant Bechtel, an employee. The truck was proceeding easterly out of the alley across the sidewalk and on to San Pedro Street. The father, John Muller, sues for damages caused to himself by the death of said child, and alleges that the same was due to the negligence of the driver of the truck. Judgment, after verdict for five thousand dollars, was in favor of the plaintiff. Defendants appeal.

The testimony shows, without contradiction, that the truck was being operated very slowly, between three and five miles an hour. The driver testified that he looked up and down the sidewalk and the street and that he sounded his horn when within thirty or forty feet of the sidewalk; that he did not see the child or know of the accident until some bystander yelled "Stop"; that he stopped within a few feet and found on looking back that the child had been killed. On the south side of the alley is the north wall of the Santa Rosa Hotel, which extends to the sidewalk, and the front or east side of the hotel is flush with the sidewalk. On the north side of the alley and flush with the edge of the alley is a one-story dwelling, the front of which is seven and a half feet from the sidewalk line, but in front of which a porch extends several feet toward the sidewalk. Next to that house and within forty

feet of the alley plaintiff resided. Respondent's theory is that the child was riding south on the sidewalk on his tricycle and was struck by some portion of the front end of the truck and thrown underneath the truck, falling in front of the rear wheel on the opposite side. Appellant's theory is that the boy rode directly under the truck between the front and rear wheels and fell in front of the rear wheel on the opposite side. The city of Los Angeles has an ordinance prohibiting the use of tricycles upon sidewalks. The appellants contend not only that they were not negligent, but that the child and its parents were guilty of negligence. At the conclusion of plaintiff's testimony appellants moved for a nonsuit, upon the ground that the evidence showed that the child was negligent, in violating a municipal ordinance, and that the parents were negligent in allowing him to ride upon the sidewalk on his tricycle. The motion was denied, and the denial of this motion is now urged as error. The court instructed the jury that while it was negligence *per se* to violate a city ordinance, as the child was under fourteen years of age, in order to establish negligence by reason of the violation of a city ordinance, it was necessary to prove that the child knew of the wrongfulness of its conduct. (Pen. Code, sec. 26.) It may be assumed for the purposes of this decision that the child, because it was too young to know that it was violating a city ordinance, was not guilty of negligence. If, however, the father was guilty of negligence in the care of the child, which proximately caused the injury, he cannot recover. (*Meeks* v. *Southern Pacific R. R. Co.*, 56 Cal. 513, [38 Am. Rep. 67]; *Fox* v. *Oakland Con. St. R. R. Co.*, 118 Cal. 55, [62 Am St. Rep. 216, 50 Pac. 25].) The child had been using the tricycle for over two years. Respondent in his brief assumes that it was the custom of the child to play on the sidewalk with his tricycle. The father testified: "Und everybody stop, or give it vistle; on the alley everybody stop, what I see all the time, und give it vistle, or I think hees got killed on the sidewalk over there some time." Plaintiff also testified that immediately before the accident the child had been given a penny to go to a candy store at the corner of Fourth and San Pedro Streets on his tricycle; that he went to and returned from the candy store, both times crossing the alley on the sidewalk; that he again left on his tricycle not two minutes before the accident. The court, in its instructions to the jury upon that

subject, stated that if the child was a dutiful and obedient child up to the time in question, and by the consent of the father and mother had gone on his tricycle to the candy store to buy a stick of candy, had been told to immediately return to the house and that he had done so, "but that then and immediately thereafter and of his own volition and without the consent of his parents, or either of them, either express or implied, the child decided to take another ride on his tricycle, and again started south on the sidewalk toward and on to or across the alleyway in question, and while on his second trip he was run over and killed by the negligence of the defendants, and without any negligence of the parents, or either of them, proximately contributing thereto, then such action of the mother in permitting her child to go in the first place on the sidewalk and to get his candy and return would not excuse the defendants in this case." The use of the tricycle by a child for more than two years, with the knowledge and consent of his parents, coupled with the fact that immediately before the accident the child had been permitted to use his tricycle upon the sidewalk, twice crossing the alley in question, was in fact a consent on the part of the parents to use the tricycle on the sidewalk at the time of the accident, in violation of the city ordinance. [1] The parents themselves, by consenting and encouraging their child to use the tricycle upon the sidewalk, were thus guilty of a violation of the ordinance. (Pen. Code, sec. 31.) There is no doubt that the use of the tricycle was a proximate cause of the accident. No witness saw the child in front of the truck. It appears from the testimony of every witness that saw the child when run over that he fell from his tricycle directly under the truck, either because riding over the edge of the curb which separated the alley from the sidewalk the tricycle tipped over, or because the child suddenly turned the same, or because he was struck by some part of the truck—the latter being the contention of the respondent. The plaintiff's witness, Barlag, who was within ten or fifteen feet of the boy at the time he was killed, testified: "I seen the boy when he fell under the truck. He fell on the south side. He fell under the wheel. He was not lying down. He fell off his tricycle on the ground and under the wheel." On cross-examination he stated that in his opinion the boy was going south. When he first saw the boy he was under the truck. "He was not lying down. He fell

under the truck. The first I seen he was under the truck on the tricycle and he fell under the wheel. I don't know whether he was struck by the front wheel or not. When he fell, his head fell right under the wheel." The plaintiff's witness, Thomas Russell, did not see the boy, but stated that when the radiator of the truck was two feet beyond the line of the Santa Rosa Hotel he saw no one in front of the truck at that time; that though he continued to look at the truck from that time forward, he did not see the accident. Plaintiff's witness, James Russell, testified that the rear wheel passed over the boy's head. "He was almost in an upright position when I first saw him, and he just crumpled under the rear wheel. I don't think he was standing on his feet. I could see his head up above under the truck. He was on the ground. I saw the bicycle laying there. I didn't pay much attention to it. The driver didn't know that he had hurt anybody until he had stopped the truck." Defendants' witness, E. A. Farris, stated that he stopped his truck in front of plaintiff's house in order to wait for the truck to emerge from the alley, having seen it coming out before he reached the line of the sidewalk, but he did not see the child on the sidewalk. "He was under the truck when I first saw him; just went under the wheel, the tricycle and all—under the right-hand rear wheel. I seen the boy just as he fell, just as he went under the wheel, just as the wheel went over him. . . . He fell off. It looked like there was a curb or something or other. He made a turn, just tumbled right off under it. Q. Off the edge of the curb, you mean? A. No. There seemed to be a jump-off or something there. He just keeled right over under the wheel." No other witnesses saw the accident. The defendant Bechtel testified that he did not see the child, although he looked to the front and both sides, and all the witnesses seem to agree that he knew nothing of the presence of the child until after he had stopped his truck. The only evidence from which the jury could infer that the defendants were negligent, was that relating to the speed of the truck, the nature and character of the accident, the testimony which might have justified the jury in finding that the truck driver did not sound his horn nearer than thirty or forty feet to the sidewalk, if at all, and the inference which the jury might have drawn from the facts and circumstances at the time of the accident that although the truck driver and other witnesses testified that he

looked up and down the street, that he did not in fact look with due care. Assuming, however, that there was sufficient evidence to sustain the verdict of the jury holding the defendants negligent, it is clear from the evidence that the use of the tricycle by the child was as truly a proximate cause of the accident, under the circumstances, as was the use of the truck by the defendants. **[2]** The conduct of the plaintiff in allowing the child to use the tricycle in violation of the city ordinance was negligence on the part of the father, and because such negligence contributed to the injury he cannot recover.

The judgment is reversed.

Lennon, J., Shaw, J., Olney, J., Melvin, J., and Angellotti, C. J., concurred.

LAWLOR, J., Dissenting.—I dissent. Assuming that a case of negligence *per se* was established against the plaintiff, yet, upon the evidence before us and the finding implied by the verdict of the jury and the denial of a motion for a new trial that such negligence did not enter into and form a part of the efficient cause of the injury, such finding should not be disturbed for the reason that, in my opinion, we would be bound by a finding either way.

Rehearing denied.

All the Justices, except Lawlor, J., concurred.