[Civ. No. 18546.   First Dist., Div. Two.   Dec. 13, 1960.]

TATIANA SHMATOVICH, Appellant, v. NEW SONOMA CREAMERY (Individual's Fictitious Name) et al., Respondents.

Lewis & Stein and Marvin E. Lewis for Appellant.

Cooley, Crowley, Gaither, Godward, Castro & Huddleson, Theodore Tamba, Richard H. Peterson, John J. Briare, Noel Kelly, Pillsbury, Madison & Sutro and G. H. Eckhardt, Jr., for Respondents.

DRAPER, J.—Plaintiff seeks damages for the death of her 17-year-old son, who was killed in the collision of an automobile driven by him and a truck owned by defendant creamery. Defendants are the creamery, the driver of its truck, three corporations whose utility pole stood alongside the road near the point of collision, and the county of Marin, alleged to have constructed and maintained the road in a narrow and dangerous condition. Jury verdict was for defendants. Plaintiff appeals from the ensuing judgment.

Decedent, George, was driving a car which his mother had borrowed. It is clear that plaintiff mother had expressly consented to his driving on this occasion. The collision occurred on Gericke Road, a narrow county highway. The truck and the car, traveling in opposite directions, collided head on. It is plaintiff's theory that the paved portion of the roadway was too narrow to permit safe passage of car and truck, that this condition was aggravated by the presence of the pole in the outer portion of the unpaved shoulder on the truck's side of the road, and that defendant driver's operation of the truck was negligent in these circumstances.

Plaintiff asserts error in the admission over objection of evidence that George had been careless in previous operation of automobiles and had driven without his mother's permission, that his mother had then withdrawn her joinder in his application for a driver's license, had requested its cancellation and that it in fact had been cancelled. Evidence was also admitted showing that after this cancellation, George had in his mother's presence pleaded guilty to reckless driving and hit-run driving, and had been admitted to probation August 13, 1955, on condition that he not drive a car for one

year. The accident which caused his death occurred November 1, 1955.

Lack of a driver's license is not evidence of the negligence of the driver, and except in special situations, it is error to permit proof of the absence of a license (*Lehmuth* v. *Long Beach Unified Sch. Dist.*, 53 Cal.2d 544, 554 [348 P.2d 887]; *Wysock* v. *Borchers Bros.*, 104 Cal.App.2d 571 [232 P.2d 531, 29 A.L.R.2d 948]; *Hunton* v. *California Portland Cement Co.*, 50 Cal.App.2d 684 [123 P.2d 947]; *Strandt* v. *Cannon*, 29 Cal.App.2d 509 [85 P.2d 160]). Evidence of a driver's previous accidents generally is inadmissible, since it is immaterial in determining his negligence on the occasion in question (20 A.L.R.2d 1210). It seems even clearer that evidence of conviction of a previous traffic offense would not normally be permitted in a civil action against the driver for negligent operation of an automobile.

Thus the testimony summarized above was inadmissible to show the claimed contributory negligence of George. Defendants, however, assert that it was admissible to show the contributory negligence of plaintiff mother, on the theory that it establishes her knowledge of George's reckless driving habits and his lack of an operator's license at and before the time she affirmatively permitted him to drive on the fatal occasion.

This argument is sound if negligence of plaintiff can be found which, independently of negligent driving by the deceased son, proximately caused the collision. But if plaintiff's negligence and its proximate causation of the collision can be predicated only upon the negligent operation of the car by the son, the argument must fail. Of course, George's negligence alone would bar plaintiff's recovery, and in the absence of some evidence that plaintiff's separate negligence proximately contributed to the accident, instructions as to her negligence could but confuse the jury. As we view the case, plaintiff's negligence in entrusting the automobile to George can be a proximate cause of the collision only if George drove the car negligently and thus contributed proximately to causing the collision.

However reckless, careless and negligent George may have been in his previous driving experience, it cannot be said that his mother's furnishing the car to him proximately caused the instant collision unless his negligent driving was itself a proximate cause thereof. Even though his mother reasonably

should have expected him to be negligent, the chain of causation running from her permission for him to drive would be broken by his actual exercise of due care in his permissive use of the car. Mere foreseeability or probability of an event which never in fact occurs is not a basis of liability.

Defendants rely upon decisions holding that the defense of contributory negligence may be invoked against a parent whose lack of care allows a child of tender years to enter a place of danger (*Muller* v. *Standard Oil Co.*, 180 Cal. 260 [180 P. 605] ; *Favalora* v. *Oden*, 13 Cal.App.2d 659 [57 P.2d 541] ; and see *Galbraith* v. *Thompson*, 108 Cal.App.2d 617, 622 [239 P.2d 468] ; *Agdeppa* v. *Glougie*, 71 Cal.App.2d 463, 466 [162 P.2d 944] ; *Patania* v. *Yellow-Checker Cab Co.*, 102 Cal.App. 600, 604 [283 P. 295] ). The same rule is applicable to older minors (see *Minter* v. *San Diego Consol. Gas etc. Co.*, 180 Cal. 723 [182 P. 749] ). However, in each of those cases the child in fact contributed causally to his injury by propelling himself into a place dangerous to one lacking in maturity and experience. It was for the jury to determine whether that event was foreseeable by the parent, whether the parent was negligent, and whether such negligence was a proximate cause of injury or death. The significant feature is that in each of these cases the foreseeable act of the minor did occur. In the case at bar, the instructions later to be discussed left the jury free to consider only foreseeability, without any direction that the foreseeable event of George's negligent act must in fact be found to have occurred.

It is, of course, true that a minor, even though approaching the age of majority, is not necessarily to be held to the same standard of care applicable to an adult (*Satariano* v. *Sleight*, 54 Cal.App.2d 278, 283-284 [129 P.2d 35] ). In such cases, it is for the jury to determine whether the minor exercised the care and prudence due from one of his years and experience (*Guyer* v. *Sterling Laundry Co.*, 171 Cal. 761, 765 [154 P. 1057] ). The same rule applies to a minor operating a motor vehicle (*Lehmuth* v. *Long Beach Unified Sch. Dist., supra*, 53 Cal.2d 544, 554-555), although there is an element of incongruity in this application of the rule to the operation of so potentially lethal an instrument as an automobile (see concurring opinion of Schauer, J., in *Lehmuth, supra*, p. 557). It is clear from the decisions cited in this and the preceding paragraph that adult supervisory personnel or parents may be held to a different and higher standard of care than that applied to minors.

Defendants suggest that the amount of care required of George, the 17-year-old driver, could have been found to be less than that required of an adult. It might follow that George's driving, while not negligent as to him, fell below the standard required of an adult. Although they do not do so directly, defendants seem to suggest that George's deviation from the adult standard, while not negligence as to him, did nonetheless constitute negligence of his mother, who is held to the adult standard, and that if the collision was proximately caused by such conduct of George, his mother's negligence was a proximate cause even if he was not negligent by the standard properly applicable to him. Apparently left to implication is the contention that the questioned evidence as to her knowledge of his driving propensities was properly admitted on this theory to show the mother's contributory negligence. But this issue is not before us, because the court gave no instruction as to the amount of care required of one of George's years, experience and capacity. Thus the jury had no basis upon which to reach the conclusion suggested, and we certainly cannot assume that it did so without instruction.

The jury was instructed that the defense of contributory negligence raised in this case has "two distinct aspects," one the conduct of the parent and the other that of George. The jury was told that the parent's duty concerns her "control over, instructions and warnings to, and discipline, care and supervision of the deceased. . . . In other words, the question is: Did the plaintiff use ordinary care in the exercise of her parental duties, . . ." After instructing that the "second aspect of the defense of contributory negligence has to do with the conduct of the deceased," the court stated that if "the defense of contributory negligence has been established in respect to either of these two aspects, then plaintiff may not recover." The court did instruct that George's lack of a license and his conduct "at times and places remote to the accident" were not to be considered as evidence of George's negligence. But since this instruction left the jury free to consider both matters as showing negligence of the mother, they but confused the issue in the absence of instruction as to any manner in which her negligence, independently of his, could constitute proximate cause.

In the confusing situation here presented, the instructions as a whole permitted, if they did not invite, the jury to resort to the worst features of the "but for" rule in determining

proximate cause. Although advised that George's previous driving deficiencies and his lack of a driver's license were not to be considered as against him, the jury was left wholly free to consider these matters in determining proximate cause as it related to plaintiff mother's contributory negligence. In the light of general public feeling as to the responsibility of parents for juvenile delinquencies, and of the instruction as to her duty of "care, control and discipline," the jury could well have concluded that her letting him take the car provided him the means to arrive at the point of the collision and thus was the factor "but for" which the accident would not have occurred, even though it found that no negligent driving by George contributed proximately as a cause of collision.

Defendants contend that the general instructions defining proximate cause, and the direction that contributory negligence is a defense only if it is a proximate cause, meet this problem. However, these were "instructions of an abstract nature concerning proximate cause" and, "even if correct as abstract propositions, may have misled the jury" (*Wysock v. Borchers Bros.*, 104 Cal.App.2d 571, 587 [232 P.2d 531, 29 A.L.R.2d 948]).

We conclude that the evidence of George's driving misconduct and his lack of a license was inadmissible save in special circumstances; that these circumstances, if they exist at all in this case, were not pointed out to the jury; that as a result the jury was left in confusion as to the use to be made of this evidence; and that the attempted limitations upon jury reliance upon such evidence were so inadequate as to fail wholly to eliminate the confusion.

We think it apparent that these errors were prejudicial unless, as defendants argue, the evidence of negligence of the several defendants was insufficient to sustain a verdict for plaintiff. In effect, the argument is that the defense motion for directed verdict should have been granted. But this contention is based almost wholly upon photographs taken shortly after the accident. While these photographs appear persuasive to us, they are subject to conflicting views. The impact of truck and car was violent, and varying inferences may be drawn as to the movement of the two vehicles caused thereby. An "expert" sought to draw some such inferences. Conceivably, reasonable men could differ as to the ultimate fact, the position of the two cars at the instant of impact. We cannot say, as a matter of law, that a jury could not find defendants negligent. Although it is possible that the jury

never reached the question of contributory negligence, we cannot ignore the possibility that the somewhat inflammatory evidence of George's prior misconduct and the cancellation of his driver's license did, in the absence of adequate instruction limiting its effect, influence the verdict. Thus we find ourselves unable to invoke the provisions of article VI, section 4½, of the Constitution.

Judgment reversed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied January 12, 1961, and respondents' petition for a hearing by the Supreme Court was denied February 8, 1961. Schauer, J., was of the opinion that the petition should be granted.