[Civ. No. 13297. Fourth Dist., Div. Two. Apr. 9, 1974.]

CHERYL JEAN DOWNING, Plaintiff, Cross-defendant and Appellant, v. BARRETT MOBILE HOME TRANSPORT, INC.,
Defendant and Respondent;
NEWTON WILSON MIKESELL,
Defendant, Cross-complainant and Respondent.

520

## COUNSEL

Allan A. Sigel for Plaintiff, Cross-defendant and Appellant.

Chase, Rotchford, Drukker & Bogust, E. Michael Kaiser and Roger J. Broderick for Defendant and Respondent and for Defendant, Cross-complainant and Respondent.

## OPINION

**KERRIGAN, Acting P. J.**—This is an auto vs. truck case wherein each driver sued the other for personal injuries sustained in the accident. A jury decided that neither was entitled to recover. The car driver advances the following arguments on appeal: (1) the court erred in its instructions to the jury; (2) the truck driver was negligent as a matter of law; and (3) the trial court erred in permitting improper cross-examination.

The accident occurred about 8:30 a.m. on April 2, 1971, on State Highway No. 74 near the intersection of Sanderson Road in an unincorporated area approximately three miles west of Hemet. Cheryl Jean Downing (Plaintiff) was driving a 1970 Datsun on her way to work at Rancho California. Newton Wilson Mikesell was driving a 1969 GMC tractor and was hauling a mobile home ("trailer") for delivery to Phoenix upon behalf of his employer, Barrett Mobile Home Transport, Inc. (Defendants). Both the car and truck were proceeding west on Route 74—a four-lane road with two eastbound and two westbound lanes.

The trailer was 64 feet long and 12 feet wide; at the rear thereof were a "wide load" sign and flags. The truck was equipped with two side-view mirrors, one on each side of the cab. However, the truck driver never saw the plaintiff prior to the collision.

The accident occurred in a 65 m.p.h. zone. Plaintiff's car was overtaking defendant's truck prior to impact. The truck driver intended to turn right at Sanderson Road. Preparatory to making the right turn, the truck-trailer moved from the slow lane (lane 2), in which plaintiff's car was then proceeding, partially into the fast lane (lane 1), partially blocking both lanes.

Plaintiff testified that she saw the truck when it was 75 yards in front of her; suddenly, it made a change from the No. 2 lane into the No. 1 lane; she thought the truck was going to turn left; she did not see the defendant apply his brakes, slow down or activate the turn signals; she tried to stop but her wheels locked; she veered to the right towards the shoulder, missing the trailer as she sped past it on its right; she collided with the right front fender and bumper of the defendant's truck, which was in the middle of its turn.

■ Turning to the issues on appeal, plaintiff first maintains that the trial court committed reversible error in rendering the following instruction: "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left at a safe distance without interfer-

ing with the safe operation of the overtaken vehicle. . . ." (Veh. Code, § 21750.) Plaintiff argues that the instruction should not have been given because it reflects the rule governing normal overtaking and passing; that the truck herein was making a right turn; therefore, there was no evidence to support the rendition of the instruction.

While the foregoing instruction was not entirely applicable herein, plaintiff did not request amplification or proffer an instruction as to when a driver may pass on the right. Plaintiff's failure to complain below of the incompleteness of the instruction given—and thus to enable the trial court to remedy its omission—forfeits her right to complain of it now. (*Ornales* v. *Wigger,* 35 Cal.2d 474 [218 P.2d 531]; *Marcus* v. *Palm Harbor Hospital, Inc.,* 253 Cal.App.2d 1008 [61 Cal.Rptr. 702]; *Mula* v. *Meyer,* 132 Cal.App.2d 279 [282 P.2d 107]; *Kuehn* v. *Lowthian,* 124 Cal.App.2d 867 [269 P.2d 666]; *Sherrillo* v. *Stone & Webster Eng. Corp.,* 110 Cal. App.2d 785 [244 P.2d 70]; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 194, at p. 3013.)

Plaintiff argues that the trial court should have given the following instruction which governs cases where the rear vehicle (as here) is passing to the right: "The driver of a motor vehicle may overtake and pass to the right of another vehicle only under the following conditions: (a) When the vehicle overtaken is making or about to make a left turn. . . . (c) Upon any highway outside of a business or residence district with unobstructed pavement of sufficient width and clearly marked for two or more lines of moving traffic in the direction of travel." (Veh. Code, § 21754.)

Although the foregoing instruction would have been appropriate, plaintiffs failed to request it. In a civil case, each of the parties must propose complete and comprehensive instructions in accordance with his theory of the litigation; if the parties do not do so, the court has no duty to instruct on its own motion. (*Phillips* v. *Noble,* 50 Cal.2d 163 [323 P.2d 385]; *Barrera* v. *De La Torre,* 48 Cal.2d 166 [308 P.2d 724]; *Switzer* v. *State of California,* 269 Cal.App.2d 627 [75 Cal.Rptr. 371]; *Gaspar* v. *Georgia Pac. Corp.,* 248 Cal.App.2d 248 [56 Cal.Rptr. 243]; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 194, at p. 3013.)

Plaintiff next contends that the truck driver was negligent as a matter of law in that he failed to signal before turning (Veh. Code, § 22107) and that the jury obviously found negligence on his part in that it decreed that he take nothing by way of his cross-complaint. But assuming, *arguendo,* that the truck driver was negligent as a matter of law, the issue of contributory negligence may not be ignored.

■ The operator of a vehicle must keep a proper lookout for other vehicles or persons on the highway and must keep his car under such control as will enable him to avoid a collision; failure to keep such a lookout constitutes negligence. (*Huetter* v. *Andrews,* 91 Cal.App.2d 142 [204 P.2d 655].)

■ The determination as to whether a driver in the rear was negligent in colliding with the vehicle in front of him is essentially a question of fact. (*Getas* v. *Hook,* 236 Cal.App.2d 705, 715 [46 Cal.Rptr. 249]; *Larson* v. *Solbakken,* 221 Cal.App.2d 410, 427 [34 Cal.Rptr. 450].) ■ Contributory negligence is ordinarily a question for the jury. (*Florez* v. *Groom Development Co.,* 53 Cal.2d 347, 357 [1 Cal.Rptr. 840, 348 P.2d 200].)

■ Here there was evidence that plaintiff failed to see turn signals and failed to see the truck braking. Consequently, there was credible, though not overwhelming, evidence of contributory negligence.

Plaintiff next maintains that the trial court erred in permitting questioning revealing that she had been involved in a prior accident in 1969. During cross-examination of plaintiff, defense counsel attempted to show that plaintiff suffered a kidney condition (kidney stone) prior to this accident and that the kidney condition arose as the result of a previous accident which occurred in 1969.[1]

■ Generally, evidence that a litigant was involved in a prior accident is inadmissible when its only purported relevance is to show a propensity for negligent acts, thus enhancing the probability of negligence on the occasion in suit. (*Prichard* v. *Veterans Cab. Co.,* 63 Cal.2d 727 [47 Cal. Rptr. 904, 408 P.2d 360]; *Travis* v. *Southern Pacific Co.,* 210 Cal.App. 2d 410 [26 Cal.Rptr. 700]; *George* v. *Kleinbrodt,* 206 Cal.App.2d 224 [23 Cal.Rptr. 822]; *Shmatovich* v. *New Sonoma Creamery,* 187 Cal.App. 2d 342 [9 Cal.Rptr. 630]; *Browning* v. *King,* 159 Cal.App.2d 326 [324 P.2d 14]; *Coleman* v. *Southern Pacific Co.,* 141 Cal.App.2d 121 [296 P.2d 386]; *Lowenthal* v. *Mortimer,* 125 Cal.App.2d 636 [270 P.2d 942]; 1 Wigmore on Evidence (3d ed. 1940) § 199; McCormick on Evidence (2d ed. 1972) § 189; Witkin, Cal. Evidence (2d ed. 1966) § 350.) The policy basis of this prohibitory rule rests on the fact that the probative force

---

[1]In answering written interrogatories, plaintiff was vague as to whether she related her kidney problems to this accident. Defendants maintain that cross-examination was intended to demonstrate that plaintiff suffered a kidney condition as a result of the 1969 accident. However, plaintiff's counsel advised the court and defense counsel at the outset of the trial that she was *not* claiming any damages for her kidney ailment in this lawsuit.

of this kind of evidence is too slight to overbear the dangers of prejudice, distraction by side issues, and unfair surprise (Wigmore, *op. cit.*). While evidence of a prior accident is admissible to show that a present physical condition has a cause antecedent to the accident being litigated (*Johnson* v. *Matson Navigation Co.,* 163 Cal.App.2d 336 [329 P.2d 375]; *Browning* v. *King, supra,* 159 Cal.App.2d 326), here there was no reason to admit such evidence; it had no probative value as plaintiff was not claiming kidney damage as a result of this accident. Similarly, it was inadmissible for impeachment (Evid. Code, § 780), for plaintiff never actually denied having had prior kidney problems and was not seeking damages therefor as a result of the accident in suit. Defense counsel's line of questioning was improper.

The issue then arises whether the allusion to the prior accident constitutes reversible error and resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13.)

The case at bar was a close one. The evidence of the truck driver's negligence was strong, a fact attested to by the jury's verdict against him on his cross-complaint. The cogency of the evidence of plaintiff's contributory negligence was debatable, with only one witness (the truck driver's fellow employee) claiming to have seen the truck's rear signals activated.[2] Nevertheless, the jury found for the truck driver and his employer on the basis of this most dubious evidence. Consequently, it appears that the suggestion of accident-proneness insinuated into the trial by defense counsel's cross-examination of plaintiff may well have been the factor that tipped the scales in favor of the defense. The conclusion is inescapable that, but for the error, plaintiff would have stood a reasonable chance of obtaining a more favorable verdict. (Cal. Const., art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243]; *People* ex rel. *Dept. of Public Works* v. *Graziadio,* 231 Cal.App.2d 525 [42 Cal.Rptr. 29]; *Aldabe* v. *Aldabe,* 209 Cal.App.2d 453 [26 Cal.Rptr. 208]; *Wiley* v. *Easter,* 203 Cal.App. 2d 845 [21 Cal.Rptr. 905]; *Murphy* v. *Atchison, T. & S. F. Railway,* 162 Cal.App.2d 818 [329 P.2d 75]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 318 at pp. 4297-4298.).

The judgment is reversed.

Gabbert, J., and Kaufman, J., concurred.

A petition for a rehearing was denied April 30, 1974, and the petition of all the respondents for a hearing by the Supreme Court was denied June 5, 1974.

---

[2] Other witnesses saw only the *front* signals in operation. Moreover, by defendant's own testimony, the signals he gave were contradictory—the first being for a left turn, and the second for a right.