Filed 1/8/26  Meza v. Shah CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ERIK MEZA, | |
| Plaintiff and Appellant, | E082921 |
| v. | (Super.Ct.No. CVRI2105350) |
| PRIYA UDAY SHAH, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge. Affirmed.

Erik Meza, in pro. per., for Plaintiff and Appellant.

Gates, Gonter, Guy, Proudfoot & Muench, LLP, Richard A. Muench and Jasmine Ng, for Defendant and Respondent.

A jury returned a defense verdict in appellant Erik Meza's personal injury action—stemming from a car accident—against defendant and respondent Priya Uday Shah.  On appeal, Meza contends (1) the jury verdict is unjustified, (2) defense counsel misled the jury with evidence of Meza's pre-existing injuries from a 2017 incident, (3) his counsel

1

presented a weak defense, and (4) this court should review the trial process for any legal errors that could change the outcome. We affirm.

## I. PROCEDURAL BACKGROUND AND FACTS

On November 30, 2019, Shah sideswiped the left side of Meza's vehicle. She admitted negligence for the collision, but disputed the collision caused his injuries, disputed the reasonableness and necessity of his medical treatment, and disputed the reasonable value of his medical bills. Prior to trial, the parties stipulated and agreed to exclude any evidence, reference, or testimony regarding defendant's liability automobile insurance, and the trial court denied Meza's motion to exclude any mention of his pre-existing coccyx injury.

Meza called Stephen Martin Dorros, M.D., his expert radiologist, and played the video depositions of radiologist Andrew Thierry, M.D., Meza's employer Darrin Faulkner, and Meza's treating pain management doctor, Trishaben Patel, M.D. Dr. Dorros testified that Meza had a microdiscectomy[1] of the traversing nerve root. He did not provide any opinion as to whether or not the accident caused any of the findings on Meza's lumbar MRI, or whether the findings in Meza's lumbar spine were degenerative. Contrary to his deposition testimony, the doctor testified that "a very small percentage" of the population in Meza's age group has the same or similar findings in their lumbar spines as seen in Meza's September 2020 MRI. Meza also called his treating physician, Loujan Joubin Matin, D.C., and his orthopedic surgeon, who

---

[1] "The purpose of the microdiscectomy is to remove a disc herniation that is compressing a nerve causing those radicular symptoms."

2

specializes in spinal surgery, William Tontz, M.D., as witnesses.  Dr. Tontz operated on Meza on August 30, 2021.  On cross-examination, Dr. Tontz testified that he did not see "any indication of any pain, limitation, or discomfort on Mr. Meza when he performed any of the activities that [were shown] on the sub-rosa surveillance video" of Meza from December 16, 2022.

Shah admitted sole negligence for the accident.  Meza acknowledged that in 2017, he suffered a fracture on his coccyx after slipping on the job.  Dr. Luke Macyszyn, a neurosurgeon, examined Meza on December 12, 2022.  He described the September 2020 MRI of Meza's spine as normal, no nerve compression, and saw no evidence of any traumatic disc herniation.  Dr. Richard Rhee, a radiologist, opined Meza was not an appropriate candidate to undergo an L4/L5 microdiscectomy, nor did it appear that the microdiscectomy was performed.

On December 13, 2023, the jury found that Shah's negligence was not a substantial factor in causing harm to Meza.  Meza filed the notice of appeal in propria persona.

## II.  DISCUSSION

### A.  Preliminary Observation.

Orders and judgments are presumed to be correct, and the appellant must affirmatively show error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]  When a point is asserted without argument and authority for the proposition,

3

'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) The appellant must provide an adequate record to demonstrate error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Merely furnishing the record is not enough. Rather, the appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) When the appellant fails to do so, we may disregard the unsupported factual assertions. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

As the reviewing court, we will not perform an independent, unassisted review of the record in search of error or grounds to support the judgment. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.) That relevant record citations may have been provided elsewhere in the brief, such as in the factual background, does not cure a failure to support specific legal arguments with citations to the record. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.) Furthermore, any arguments raised or only supported by authority on reply are deemed waived. (*Li v. Superior Court* (2021) 69 Cal.App.5th 836, 865.) Moreover, the rules of appellate procedure apply to appellants even though they are representing themselves on appeal. (*Huang v. Hanks* (2018) 23 Cal.App.5th 179, 183, fn. 1.)

Applying these principles, we conclude Meza did not meet his burden as appellant of overcoming the basic presumption that the defense verdict is correct.

*B. The Jury Verdict is Unjustified.*

Meza contends the jury's verdict was "unjustif[ied]" because (1) the defense "misinformed the jury by using witnesses that were biased in this case supporting [Shah]," (2) the defense filed motions regarding the bills and expenses, (3) the trial court failed to admit the name of Shah's insurance company, and (4) the "court did not admit the bill of MedFin payments."[2] It appears Meza is challenging the sufficiency of the evidence.

When an appellant contends there is insufficient evidence to support a finding of fact, we apply the substantial evidence standard of review. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 581.) Under that standard of review, we accept all evidence that supports the judgment, disregard contrary evidence, and draw all reasonable inferences to uphold the judgment. (*Harley-Davidson, Inc. v. Franchise Tax Bd.* (2015) 237 Cal.App.4th 193, 213.) "It is not our role to reweigh the evidence, redetermine the credibility of the witnesses, or resolve conflicts in the testimony, and we will not disturb the judgment if there is evidence to support it." (*Ibid.*)

The appellant has a duty to provide a fair summary of the evidence in the light most favorable to the judgment. (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658.) To meet this burden, the appellant cannot recite only favorable evidence but

---

[2] He cites *Uspenskaya v. Meline* (2015) 241 Cal.App.4th 996. In that case, the court of appeal held that evidence of unpaid medical bills is admissible to show the reasonable value of medical services, but the amount paid by a third-party factoring company (such as MedFin) is inadmissible unless there is a demonstrated nexus between the payment and the reasonable value of the services. (*Id.* at p. 1007.)

must set forth all the material evidence on the point. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *Roemer v. Pappas* (1988) 203 Cal.App.3d 201, 208 ["A party who challenges the sufficiency of the evidence to support a particular finding must summarize the evidence on that point, favorable and unfavorable, and show how and why it is insufficient."].) "As with all substantial evidence challenges, an appellant challenging [a finding of fact] must lay out the evidence favorable to the other side and show why it is lacking. Failure to do so is fatal. A reviewing court will not independently review the record to make up for appellant's failure to carry his burden." (*Defend the Bay v. City of Irvine* (2004) 119 Cal.App.4th 1261, 1266.)

Here, Meza offers little argument and no citations to the record. He has therefore failed to make the demonstration required of a party who seeks reversal on the ground of insufficiency of the evidence. His claim is waived.

### C. Defense Counsel did not Mislead the Jury.

Meza contends defense counsel misled the jury with evidence of his pre-existing injuries from a 2017 incident, and the trial court erred in admitting this evidence. We reject his contentions. Evidence of prior injuries or claims of injury is admissible when relevant on the issue of damages where the plaintiff claims similar injuries in the present case. (*Brown v. Affonso* (1960) 185 Cal.App.2d 235, 238-239; *Prichard v. Veterans Cab Co.* (1965) 63 Cal.2d 727, 733-734.) Meza's primary complaint from the accident was that he suffered a back injury. Evidence of his prior back injury was relevant.

*D.  Weak Defense for Meza.*

This issue is difficult to understand; however, it appears Meza is arguing his trial counsel was ineffective.  He faults counsel for failing to successfully challenge the admission of evidence of his previous injuries and expose Shah's alleged mental instability at the time of the accident suggesting she "was under some impaired driving conditions."  However, he does not cite, and we are unaware of, any case law holding that his claims of ineffective assistance of trial counsel constitute grounds for reversal of a defense verdict in a personal injury case.  Accordingly, he has not carried his burden on this issue.

*E.  Unassisted Review of the Trial for any Legal Error that Could Change the Outcome.*

Finally, Meza asks this court "to review the trial process and see if there was any legal information that was used mistakenly by the defendant party and confused the jury." We do not, nor will not, perform an independent, unassisted review of the record in search of error.  (*McComber v. Wells*, *supra*, 72 Cal.App.4th at p. 522.)

## III.  DISPOSITION

The judgment is affirmed.  Respondent is to recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.


MILLER
J.