## UNITED STATES v. BENSON et al.
### No. 10477.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 6, 1950.

Decided Nov. 30, 1950.

L. Clark Ewing, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., Ross O'Donoghue, Stafford R. Grady, and Joseph M. Howard, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellant.

Jeff Busby, Washington, D. C., with whom Jeff Busby, Jr., and Rowell Thomas Crocker, Washington, D. C., were on the brief, for appellee.

Before CLARK, PROCTOR and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

The United States appeals from a judgment awarded against it under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq. Appellee, aged five years and seven months, was struck by a United States Navy truck on the morning of February 10, 1947, just after the truck turned off M Street, S. E., onto New Jersey Avenue. The court below, sitting without a jury, concluded that the driver of the truck was (1) exceeding the speed which would have been reasonable under the particular circumstances—viz., a heavily traveled thoroughfare in the vicinity of a school and known by the driver of a large truck to be much-frequented by children; (2) not maintaining a proper lookout; and (3) negligent in that the left side of the truck was over the center line at the time plaintiff was struck. We think there was sufficient evidence in the record to warrant the inferences and conclusions drawn by the trial court.

It is urged by the United States that even if its driver was negligent, the contributory negligence of the child bars recovery here. Contributory negligence, like negligence itself, is a conclusion to be drawn from all the circumstances in the particular case. Where an "infant of tender years [is involved,] less discretion is required, and the degree depends upon his age and knowledge." Washington & Georgetown Railroad Co. v. Gladmon, 1872, 15 Wall. 401, 82 U.S. 401, 408, 21 L.Ed. 114; Barstow v. Capital Traction Co., 1907, 29 App.D.C. 362, 372 et seq. There was evidence, however, from which the court could have concluded that defendant's neg-

ligence alone was the proximate cause of plaintiff's injuries. Thus, although the Government insists that plaintiff was not crossing the street within the cross-walk, as required by traffic regulation, there is testimony from which it could be concluded that he was. In addition, the trial court, which visited the scene of the accident, specifically found that plaintiff "did not run out from behind a vehicle or other obstruction into the path of defendant's truck," as the Government claims. Under such circumstances, we cannot upset the lower court's conclusion that "If the operator of defendant's truck had been driving it with reasonable care and if he had been keeping a reasonable lookout, he could have seen the infant-plaintiff in time to have avoided striking and injuring him." See American Ice Co. v. Moorehead, 1933, 62 App.D.C. 266, 267, 66 F.2d 792, 793; Griffith v. Slaybaugh, 1928, 58 App.D.C. 237, 239, 29 F. 2d 437, 439.

The judgment below is

Affirmed.