BYAS v. DORSEY.

No. 10578.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 5, 1951.

Decided Nov. 1, 1951.

Rex K. Nelson, Washington, D. C., for appellant.

William E. Stewart, Jr., Washington, D. C., with whom Richard W. Galiher and William H. Clarke, Washington, D. C., were on the brief, for appellee.

Before CLARK, PROCTOR and BAZELON, Circuit Judges.

PER CURIAM.

This is an appeal by Eleanor Byas, the unsuccessful plaintiff in a negligence suit.

Upon the conclusion of testimony in the trial court, she moved for a directed verdict on the grounds that negligence had been established as a matter of law and that the testimony disclosed no evidence of contributory negligence. The court ruled that the defendant was negligent as a matter of law, but submitted the issues of proximate cause, contributory negligence and damages to the jury. A general verdict was returned for the defendant. As her sole grounds for reversal, appellant urges that the record did not contain enough evidence on the question of contributory negligence to justify the submission of that issue to the jury.

We cannot agree. Our examination of the record reveals enough evidence, if believed, to support a jury finding that plaintiff was contributorily negligent—i. e., failed to act with the prudence demanded of an ordinary, reasonable person under all the circumstances of this case. See United States v. Benson, 1950, 88 U.S.App.D.C. 45, 185 F.2d 995. Appellant does not challenge the sufficiency of the evidence for submitting the issue of proximate cause to the jury. And since both issues were properly submitted, there is no occasion to consider whether the improper submission of one issue to the jury could require reversal in a case where a general verdict might have been based on a second issue which was properly submitted.

Affirmed.