Robert BAXTER, a minor, by and through Freda B. Baxter, his mother and next friend, and Freda B. Baxter, individually, Plaintiffs in Error,

v.

Ocie FUGETT, as Guardian Ad Litem of William M. Fugett, and Ocie Fugett, individually, Defendants in Error.

No. 41262.

Supreme Court of Oklahoma.

March 21, 1967.

Berry & Berry, Howard K. Berry, Jr., Oklahoma City, for plaintiffs in error.

Jake Hunt, Oklahoma City, for defendants in error.

McINERNEY, Justice.

This is an appeal by plaintiff from verdict and judgment for defendant in a negligence action arising out of a collision, at an Oklahoma City street intersection, between a bicycle ridden by a 12 year old plaintiff and an automobile driven by a 16 year old defendant. The mothers of the two boys were made parties plaintiff and defendant respectively, but in view of the single proposition argued on appeal, it will not be necessary to notice their respective interests in the case.

In the petition, the 16 year old defendant was charged with specific acts of negligence; in the answer, defendant pleaded contributory negligence, unavoidable accident, and the defense of sudden emergency.

No detailed summary of the evidence is necessary to an understanding of the single question raised on appeal. Plaintiff was riding his bicycle north on a through street. He could not recall any facts pertaining to the cause of the accident. Defendant testified, as a witness for plaintiff, that he was driving his automobile west toward an intersection where the through street was protected by a stop sign. After stopping and observing plaintiff about fifty feet away, defendant proceeded into the intersection and his automobile was struck at a point just behind the driver's seat on the left side by plaintiff's bicycle.

In his "statement of the case and pleadings" the trial judge informed the jury that plaintiff alleged that the defendant automobile driver was negligent in two particulars: (1) failure to keep a proper lookout, and (2) failure to yield the right of way. From the language in the petition, and from uncontradicted circumstances shown in evidence, it is clear that the allegation of failure to yield the right of way was based upon the requirement of 47 O.S. 1961, § 11–403(b) that "every driver" approaching an intersection protected by a stop sign shall stop, and "after having

stopped shall yield the right of way to any vehicle which * * * is approaching so closely on said highway as to constitute an immediate hazard". The trial judge also told the jury, among other things, that the defendant alleged that the 12 year old plaintiff was guilty of contributory negligence. No objection to the court's statement of the issues and pleadings was made by either party.

From verdict and judgment for defendant, plaintiff appeals.

The precise argument made on appeal, and the only one, is that the court erred in giving the following instruction:

"You are instructed that the plaintiff Robert Baxter at the time of this accident was 12 years of age and the defendant William M. Fugett was 16 years of age. In determining whether or not the defendant William M. Fugett was guilty of negligence and whether or not the plaintiff Robert Baxter was guilty of contributory negligence as heretofore defined in these instructions, you are instructed that by the term 'ordinary care' as applied to children is meant that degree of care and caution which would usually and ordinarily be exercised by children of the age of 12 and 16 years under the same or similar circumstances. The conduct of children 12 years of age and 16 years of age is not necessarily to be judged by the same rules which would apply to an adult. The degree of care and caution required of a child is according to and commensurate with his age and mental capacity and his power to exercise such degree of care as a child of his age may be fairly presumed capable of exercising. Insofar as Robert Baxter and William M. Fugett may be presumed to do so it was their duty to take into consideration the fact that each was attempting to cross a public street upon which vehicular traffic could ordinarily be expected and in crossing the street to exercise ordinary care for his own safety and to watch out for traffic proceeding along the street.

**464**

"It was the duty of each to take into consideration all the circumstances and conditions surrounding the place of the accident and the possibility of injury which might result in crossing or attempting to cross the street at the time and place in question."

■ This instruction follows the general rule that when a minor is charged with common law negligence, his conduct is to be measured by a "child's standard of care" under which consideration is given to his age, mental capacity, judgment, etc. Davis v. Bailey, 162 Okl. 86, 19 P.2d 147; Witt v. Houston, 207 Okl. 25, 246 P.2d 753; Morris v. White, 177 Okl. 489, 60 P.2d 1031; Bready v. Tipton, Okl., 407 P.2d 194. These cases, however, involve the standard of care required of a child while engaged in activities commensurate with his age.

We are asked to approve the above standard of care for a 16 year old minor engaged in an adult activity. We decline to do so. The better reasoning is expressed in Dellwo v. Pearson, 259 Minn. 452, 107 N.W.2d 859, 97 A.L.R.2d 866. The Minnesota Supreme Court, in disapproving a similar instruction, and distinguishing between the contributory negligence and primary negligence of minors, said as follows:

"However, this court has previously recognized that there may be a difference between the standard of care that is required of a child *in protecting himself against hazards and the standard that may be applicable when these activities expose others to hazards.*" (Emphasis supplied)

■ The instruction complained of permits a minor to engage in adult activities which expose others to hazards, while imposing only a child's standard of care on the minor so engaged. This legal sanction is impractical and contrary to the circumstances of modern life. We hold that a minor, when operating an automobile, must exercise the same standard of care as an adult. Jurisdictions surrounding Oklahoma generally follow the rule announced in this case. See Harrelson v. Whitehead, 236 Ark. 325, 365 S.W.2d 868; Allen v. Ellis, 191 Kan. 311, 380 P.2d 408; Wilson v. Shumate, Mo., 296 S.W.2d 72; Renegar v. Cramer, Tex.Civ.App., 354 S.W.2d 663.

■ The Highway Safety Code, Title 47, Motor Vehicles, makes no distinction between minors and adults in defining "person", § 1–144, "driver", § 1–114, and "operator", § 1–140. No statute or rule of the road prescribing the operation of a motor vehicle makes any such distinction, but refers to "every person", when reference is made to the person, operating a vehicle and the duties required in the operation of a vehicle. It is the announced legislative policy of this state to prescribe only one standard of care upon a person operating a motor vehicle, regardless of the age of the person, and that is an adult standard of care. There is no reason to apply a different standard of care to negligent acts committed by a minor while driving an automobile, even though the negligent act is not a specific violation of a statute, since the activity of operating a motor vehicle on a public highway is the basis for imposing the standard of care, rather than the age of the person, and that is an adult standard

Having determined that the giving of the instruction was error, and being of the opinion that this error was prejudicial to the plaintiff, the judgment of the trial court is reversed and the cause is remanded with directions to grant a new trial.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.