**Jeffrey HERRELL, an infant, et al., Plaintiffs,**

v.

**Morton PIMSLER et al., Defendants.**

**Civ. A. 1614–68.**

United States District Court
District of Columbia.
Dec. 15, 1969.

Paul Shiffman, Washington, D. C., for plaintiffs.

James C. Gregg, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

YOUNGDAHL, Senior District Judge.

In this personal injury action the jury returned a verdict for defendants, Morton and Rosalind Pimsler. Plaintiffs, Jeffrey and Lee Herrell, now move for a new trial on the ground that the Court committed prejudicial error in instructing the jury that the doctrine of negligence per se with reference to traffic violations applied to minor plaintiff, Jeffrey Herrell. For the reasons stated below, plaintiffs' motion for a new trial is granted.

It appears without dispute from the evidence in this case that on June 22, 1968 at about 4 P.M. defendant, Morton

Pimsler, was driving a car owned by defendant, Rosalind Pimsler. Morton Pimsler was proceeding on East Capitol Street in the District of Columbia in a westerly direction. At about the same time minor plaintiff, 11 year old Jeffrey Herrell, was riding a bicycle on East Capitol Street in an easterly direction. The speed limit on East Capitol Street was twenty-five miles per hour. At the intersection of East Capitol Street and 8th Street, N. E. minor plaintiff began to move in a northerly direction across East Capitol Street and he and his bicycle were struck by the automobile driven by defendant, Morton Pimsler. The day was clear and the roads were dry.

At the intersection in question were operating traffic control devices. From the evidence presented at trial it appears that minor plaintiff, at the time of the accident, was either making a left hand turn from East Capitol Street onto 8th Street or crossing from the southwest corner of the intersection to the northwest corner of the intersection. In addition, there was evidence consisting of testimony by minor plaintiff, defendant, Morton Pimsler, and an independent witness that at the time of the collision the light was green for traffic moving on East Capitol Street.

At issue on this motion for a new trial is that portion of the Court's charge which explained to the jury the effect of any violations of applicable traffic regulations on the question of the possible contributory negligence of minor plaintiff. The Court first instructed the jury that a bicycle is a vehicle and therefore falls within the scope of the District of Columbia traffic regulations.[1] The Court then read to the jury certain traffic regulations requested by counsel for plaintiffs and defendants. Among the regulations read to the jury were those dealing with the proper method of making a left hand turn,[2] hand signals,[3]

1. District of Columbia, Traffic and Motor Vehicle Regulations, Section 2.

2. Id., Section 36(b).

3. Id., Section 41.

right of way,[4] and the applicability of traffic signals to persons riding bicycles.[5] After these regulations were set out the Court charged the jury that:

> If on the issue of contributory negligence of the minor plaintiff, there is a violation of any of these regulations, that would constitute negligence on the part of minor plaintiff and if such negligence proximately concurred in the injuries which minor plaintiff sustained, then that would prevent his recovery unless the doctrine of last clear chance applies which I will explain to you now.

It is to the above portion of the Court's charge that plaintiffs object. Plaintiffs contend that a child's contributory negligence even when related to violation of traffic regulation is to be measured by a limited standard of care, one which calls for the jury to take into consideration the age, education, training, and experience of minor plaintiff.[6] The Court so instructed the jury in discussing the common law standard of care for minors, but later, as stated above, in its charge told the jury that a violation of any of the traffic regulations by minor plaintiff, if proximately contributing to his injuries, would preclude recovery. The narrow question to be decided on this motion is, therefore, whether the Court erred in so instructing the jury.

It is firmly established in this jurisdiction that violation of traffic regulations designed to promote safety is negligence as a matter of law where actions of adults are involved.[7] Our Court of Appeals has consistently held in personal injury cases involving vehicles that if an applicable traffic regulation is violated negligence has been established as a matter of law, thus leaving only the question of proximate cause to be decided. However, the Court of Appeals has never considered the import of the negligence per se rule as applied to violation of traffic regulations where minors are concerned.[8] The issue presented on this motion is, therefore, one of first impression in this jurisdiction.

By its terms the traffic regulations of the District of Columbia apply to "every person".[9] However, this general applicability to all who are engaged in activities covered by the regulations does not necessarily determine in every case the issue of negligence when there is a violation. Because the regulations apply to every person does not, *a fortiori*, demand that a violation of any regulation be negligence as a matter of law. Thus, even though the traffic regulations apparently apply to minors as well as adults, the issue remains whether, in personal injury actions involving negligence, minors should be held to the same standard of

---

4. Id., Section 47(a).

5. Id., Section 60.

6. See, e. g., United States v. Benson, 88 U.S.App.D.C. 45, 185 F.2d 995 (1950); Barstow v. Capital Traction Co., 29 App. D.C. 362 (1907).

7. E. g., Richardson v. Gregory, 108 U.S. App.D.C. 263, 281 F.2d 626 (1960); Peigh v. Baltimore & O. R.R., 92 U.S. App.D.C. 198, 204 F.2d 391, 44 A.L.R. 2d 671 (1953).

8. In D.C. Transit System, Inc. v. Bates, 104 U.S.App.D.C. 386, 262 F.2d 697 (1958) the Court of Appeals indirectly referred to the issue in this case. The Court stated:
   > Although it is immaterial here because there was no showing of primary negligence on the part of the bus driver; the truth is the accident was due sole-
   > ly to Darryl's act in running into the street without any indication of his intention to do so, against a warning light which he had seen and understood, and without looking for approaching traffic. This violation of a traffic regulation [3] was negligence per se, unless it can be said that, because of his age, Darryl was incapable of negligence. 262 F.2d at page 700.

   Because the above statement was dictum and because the above discussion is ambiguous in the context of an opinion which discussed primary negligence and the standard of care for minors generally applicable, it cannot be fairly said that this isolated statement represents a definitive view on the issue before this Court.

9. District of Columbia, Traffic and Motor Vehicle Regulations, Section 3.

care as adults where traffic regulations are involved although they are not so held under the common law.

Counsel for both plaintiffs and defendants have not given the Court much aid on this difficult question in their respective memoranda supporting and opposing the motion for a new trial. Although there are no cases directly in point in this jurisdiction [10] several other jurisdictions have considered the precise issue before this Court and have come to differing conclusions.

Under the same or similar circumstances as in this case the majority rule is that the common law doctrine imposing a lesser standard of care on minors than adults applies even where the minor has violated a traffic regulation. Such violation is not negligence per se but only one factor to be taken into consideration by the jury in determining whether a minor plaintiff is guilty of contributory negligence.

For example, in Rudes v. Gottschalk [11] an eight year old plaintiff was involved in an accident with a motorist while pushing his bicycle across a controlled access expressway. The Supreme Court of Texas first noted that under the common law rule a minor is judged by the standard of a child and not that of an adult. After agreeing that the legislative regulation controlling crossing of highways in places other than crosswalks was a safety regulation it nevertheless concluded that "the conduct of a child is not to be judged by the standard of an adult simply because statutory negligence (negligence per se) is involved rather than common-law negligence." [12] The court further stated that this view was in accord with the "overwhelming weight of authority in the United States."[13]

In Daun v. Truax [14] the Supreme Court of California discussed in detail its reasons for concluding that the doctrine of negligence per se, as to violation of traffic regulations, should not be applied to minors. Although that case dealt with a minor pedestrian rather than a minor bicycle rider the court's discussion is particularly relevant to those situations where minors are not engaging in activities which generally lie only in the area of adult activity. The court quoted an earlier California case which stated:

> They (children) are only required to exercise that degree of care expected of children of like age, experience, and intelligence. The presumption of negligence or negligence per se instruction here challenged, takes that protection away from the child. The per se instruction, taken alone, when applied to children is totally inconsistent with the body of law that has grown up to protect children. * * * It is absurd to presume that a child of seven, as a matter of law, knows all the standards of conduct set forth in the Vehicle Code.[15]

In *Daun* the trial court had given the negligence per se rule in conjunction with the regular standard of care rule for minors in its charge. The supreme court was of the view that rather than correcting any false impression on the part of the jury that negligence per se, as to violation of traffic regulations, applies to minors the trial court's charge was ambiguous and conflicting.[16] In the instant case the Court also gave both rules in its charge to the jury. Because the common law rule of negligence as to minors is essentially inconsistent with the negligence per se doctrine as to violation of traffic regulations the jury could not help but be confused as to the

---

10. See fn. 8, supra.

11. 159 Tex. 552, 324 S.W.2d 201 (1959).

12. Id., 159 Tex. at 556, 324 S.W.2d at 205.

13. Id.

14. 56 Cal.2d 647, 16 Cal.Rptr. 351, 365 P.2d 407 (1961).

15. Id., 56 Cal.2d at 654, 16 Cal.Rptr. at 355–356, 365 P.2d at 411, 412.

16. Id., 56 Cal.2d at 656, 16 Cal.Rptr. at 357, 365 P.2d at 413.

proper standard of care applicable to minor plaintiff. In this connection the court in *Daun* stated:

> Nearly all of the commentators in this field point out the logical and legal inconsistency of applying the objective contributory negligence per se doctrine to minors, and emphasize that if such doctrine is applied the trial court must be very careful to clearly instruct, without possible ambiguity, that such doctrine is limited by the subjective standards of conduct rule applicable to minors generally. It is pointed out by these many commentators, that you cannot apply the per se doctrine to contributory negligence of an infant unless that doctrine is expressly watered down to mean not presumptive negligence at all, *but simply, that a statutory violation is only to be considered as one factor in determining whether the infant was guilty of contributory negligence measured by the limited standard*. (Emphasis supplied) [17]

In the instant case the thrust of the Court's charge was to indicate to the jury that the negligence per se doctrine applies to minor plaintiff even in the face of the lesser standard of care prescribed by the common law. The Court's charge was, therefore, exactly what the *Daun* court would consider ambiguous, conflicting, and unwise doctrine.

It should be noted that in Prichard v. Veterans Cab Co.[18] the Supreme Court of California held that a minor motorcyclist was to be bound to the same standard of care as adults. However, that case is distinguishable from both *Daun* and the instant case. The court in *Prichard* stated that "An exception to the general rule on a child's standard of care arises where a minor engages in an activity which is normally undertaken only by adults, and for which adult qualifications are required." [19] Clearly, walking on the streets or riding bicycles, though covered by traffic regulations, are not activities which are normally undertaken only by adults. Significantly, the *Daun* court recognized this distinction when it stated, as quoted earlier, that "It is absurd to presume that a child of seven, as a matter of law, knows all the standards of conduct set forth in the Vehicle Code." [20] Where a motorcyclist is involved it can reasonably be expected that he is aware of the requirements of the Vehicle Code. One riding a motorcycle is required to receive a license before he can travel on the highways.[21] However, neither a pedestrian nor a bicycle rider, adult or minor, is required to possess a license or satisfy other requirements before being permitted the use of the streets and sidewalks.

Other jurisdictions have also impliedly accepted this distinction when dealing with minors and the issue of contributory negligence as a matter of law. In Powell v. Hartford Accident and Indemnity Co.[22] the Supreme Court of Tennessee held that a minor plaintiff, 14 years of age, should be held to the same standard of care as adults where he was injured while riding a motor scooter. The court said:

> If the standard of care insisted upon by the plaintiffs herein under the special request submitted to the trial judge is adopted as the law of this State, then we would have a double standard of care for the adult and the minor driver of a *motor* vehicle. (Emphasis supplied) [23]

The court further emphasized that a motor scooter was capable of speeds of 50–60 miles per hour.

---

17. Id., 56 Cal.2d at 657, 16 Cal.Rptr. at 357–358, 365 P.2d at 413, 414.

18. 63 Cal.2d 727, 47 Cal.Rptr. 904, 408 P.2d 360 (1965).

19. Id., 63 Cal.2d at 732, 47 Cal.Rptr. at 907, 408 P.2d at 363.

20. See fn. 15, supra.

21. 40 D.C.Code § 301 (1967).

22. 217 Tenn. 503, 398 S.W.2d 727 (1966).

23. Id., 217 Tenn. at 511, 398 S.W.2d at 731.

In Baxter v. Fugett[24] the Supreme Court of Oklahoma held that a 16 year old defendant driving an automobile is subject to the same standard of care as an adult. The court in discussing the trial court's charge to the jury said:

> The instruction complained of permits a minor to engage in adult activities which expose others to hazards, while imposing only a child's standard of care on the minor so engaged. This legal sanction is impractical and contrary to the circumstances of modern life. We hold that a minor, when operating an automobile, must exercise the same standard of care as an adult.[25]

■ In the instant case minor plaintiff was 11 years old at the time of the accident. By instructing the jury that the negligence per se doctrine applies to minor plaintiff as well as adult defendants the Court in effect charged the jury that minor plaintiff, as a matter of law, was capable of exercising the same degree of care as an adult. This rule is completely contrary to the long standing doctrine that it is for the jury to decide on the basis of the minor's age, education, training and experience whether reasonable care was exercised. This rule was first adopted, in part, because of the practical impossibility in setting down a strict standard of care for minors of varying age, judgment, and intelligence. To now hold that, where a minor is engaging in an activity where no license by the state is required and where minors as well as adults are free to use the public streets and sidewalks, the standard of care to be applied is that of an adult would be contrary to the well established principle that a jury should decide the capabilities of the minor from the evidence in the case. The Court agrees with the majority rule discussed above that a proper charge to the jury in a case involving the same or similar circumstances as the instant action should clearly state that a violation of a traffic regulation is only one factor to be considered in determining whether minor plaintiff is guilty of contributory negligence and that the jury should consider whether minor plaintiff exercised reasonable care in light of his age, education, training, and experience.[26]

The Court recognizes that there are several jurisdictions where the doctrine of negligence per se applies equally to minors in all cases where traffic regulations are involved.[27] Most of these cases, however, do not discuss the issue at length and rely almost exclusively on the theory that there should not be a double standard of care for persons using the public highways.

■■ In Bixenman v. Hall[28] the Appellate Court of Indiana held that a 13 year old plaintiff who was killed in an intersectional collision when his bicycle was struck by a motorist was bound by the doctrine of negligence per se for violation of a traffic statute. The court quoted with approval an earlier Indiana decision which stated:

> 'In this modern day we must take judicial notice of the hazards of traffic, and travelers must not be forced to anticipate conduct other than that expected of all ordinary citizens. It would be impossible to know if all cars,

---

24. 425 P.2d 462 (S.Ct.Okl. (1967)).

25. Id., 425 P.2d at 464.

26. Other cases subscribing to the majority rule are Simmons v. Holm, 229 Or. 373, 367 P.2d 368 (1961); Morby v. Rogers, 122 Utah 540, 252 P.2d 231 (1953); Locklin v. Fisher, 264 App.Div. 452, 36 N.Y.S.2d 162 (1942); Michalsky v. Gaertner, 53 Ohio App. 341, 5 N.E.2d 181 (1935). See also annotation at 174 A.L.R. 1170 "Child's violation of stat-ute or ordinance as affecting question of his negligence or contributory negligence." Generally, see Schulman, The Standard of Care Required of Children, 37 Yale L.J. 618 (1928).

27. See, e. g., Sagor v. Joseph Burnett Co., 122 Conn. 447, 190 A. 258 (1937); Patrician v. Garvey, 287 Mass. 62, 190 N.E. 9 (1934).

28. Ind.App., 231 N.E.2d 530 (1967).

bicycles, and other vehicles were operated by adults, a minor twenty years old, fifteen years old or ten years old. Since there is no exception in the statutes which exempts anyone from the provisions thereof, we feel the law applies equally to all.' [29]

This reasoning is not persuasive. Although the traffic regulations were promulgated to delineate the proper mode of conduct in the use of the roads, they were not designed to specifically establish a standard of care in personal injury actions. Through the years the courts have, however, acknowledged the expertise of those drafting the regulations, and as a result have adopted a rule of law which holds that a violation of a traffic regulation designed to promote safety is negligence as a matter of law. Obviously, the total theory of negligence is not bound by the provisions of traffic regulations. The question in the present case and in other cases where minors are involved is not whether the rules of the road as set down in regulations apply to minors as well as adults but whether there is always negligence, as a matter of law, when one of those traffic rules is violated by the minor. Nothing in the provisions of the District of Columbia traffic regulations reflects a desire on the part of the drafters that the common law rule of the standard of care of minors is to be altered or superceded. And in the absence of a clear mandate by the legislature a long settled and wise rule of the common law should not be overruled. While the Court is in agreement with those jurisdictions which hold minor automobile drivers and motor-

cycle riders to the adult standard of care and the negligence per se rule, there is no justification substantial enough to warrant imposing upon a minor riding a bicycle, whatever his age, a standard of care which it is unrealistic to assume he can always abide by.

It is apparent that plaintiffs were severely prejudiced by an instruction applying negligence per se to minor plaintiff. Under the instruction given by the Court the jury could have found that although defendant was negligent and that this negligence proximately caused plaintiff's injuries, minor plaintiff could not recover because he violated a traffic regulation, such violation also being a proximate cause of his injuries. Under these circumstances plaintiffs are entitled to a new trial.

Because of the Court's conclusion that plaintiffs should be granted a new trial for the reasons discussed above, it is unnecessary to consider plaintiffs' other grounds for a new trial presented in their motion.

Since the decision to grant a new trial is not a final order [30] it is not ordinarily appealable immediately under the provisions of 28 U.S.C. § 1292 (1964). However, the Court is of the opinion that subsection 1292(b) may properly be invoked in this case.[31] The issue discussed in this opinion is purely a question of law and one which leaves ground for a substantial difference of opinion. The Court finds that an immediate appeal from this order may materially advance the ultimate termination of the litigation. This finding has been made so that

29. Id., Ind.App., 231 N.E.2d at 536.

30. E. g. Sobel v. Diatz, 88 U.S.App.D.C. 329, 189 F.2d 26 (1951).

31. Subsection 1292(b) reads:
When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may ma-

terially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order. 28 U.S.C. § 1292(b) (1964).

the Court of Appeals, in its discretion, may permit a direct appeal to be taken by defendants from the order if application is made to it within ten days after entry of this order.[32]

For the foregoing reasons, it is, this 15th day of December, 1969,

Ordered that plaintiff's motion for a new trial be and the same is hereby in all things granted.