**Patrick D. STEVENS et al., Appellants,**

**v.**

**Carroll J. HALL et al., Appellees.**

**No. 12428.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1978.

Decided Sept. 6, 1978.

---

Jerome E. Murphy, Washington, D. C., for appellants.

Donald P. Maiberger, Washington, D. C., for appellee Joe Roy Blakney.

Harvey M. Katz, Washington, D. C., for appellee Carroll J. Hall.

Before HARRIS and FERREN, Associate Judges, and GOODRICH, Associate Judge, Superior Court of the District of Columbia.*

FERREN, Associate Judge:

In this negligence action, appellants seek damages for an injury to 14-year-old Patrick Stevens. They claim that appellees Carroll J. Hall and Joe Roy Blakney struck him with their motorcycles during a hit-and-run accident in front of the Stevens family home on Ontario Road, N.W. on August 24, 1975. The motions judge granted both appellees' motions for summary judgment. Appellants seek review of these rulings. We affirm summary judgment for appellee Blakney; the record establishes that he was not involved in the accident. We reverse and remand as to appellee Hall.

I.

Witnesses testified that Patrick Stevens, who was playing with a neighbor at approximately 10:30 p. m., ran into the street from between two parked cars. He was struck by a blue motorcycle, running without a headlight. Witnesses also testified that a red or green motorcycle with its headlight on had preceded the blue motorcycle down the street. One of the witnesses, 15-year-old Pierre Whitney, chased after the two motorcycles and managed to copy down the license number of one of them, which had stopped at a nearby traffic light. Whitney told investigating police officers that he had written down the license number of the blue cycle; but, when the police located its owner, Joe Roy Blakney, they found that the vehicle was green. Appellee Blakney told police that he had been riding his motorcycle in the neighborhood with an ac-

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

quaintance, Carroll J. Hall (the other appellee); that they had visited a friend, Ms. Beatrice Poindexter, on Ontario Road; that because Hall had had some problems starting his cycle when they left Ms. Poindexter's house, Blakney had been running some distance ahead of Hall as they rode their cycles up Ontario Road toward Kalorama Road; that while Blakney was stopped at the first traffic light he had encountered after turning onto Kalorama, Hall had run the red light at that intersection; and, finally, that when they both stopped at a traffic light some blocks later, he recalled Hall's asking him, "Did you see that kid?"

Appellee Hall, who owned a blue motorcycle, confirmed to police that he had been riding in the neighborhood with Blakney on the evening in question, and that because he had to roll his vehicle downhill to jump-start it, he had been some distance behind Blakney as they rode up Ontario toward Kalorama. Hall claimed, however, that he had turned on his light when he turned his cycle around; and he denied any knowledge of hitting a child on Ontario. The police charged Hall with reckless driving and leaving the scene of an accident. He entered a guilty plea to the latter charge; the first charge was dismissed.

## II.

Defendant-appellees' motions for summary judgment rested on separate grounds. Mr. Blakney argued, first, that despite the initial confusion caused by witness Pierre Whitney's statement to police (that he wrote down the license number of the blue motorcycle), there could be no question that it was Hall's cycle, not Blakney's, that struck Patrick Stevens. Second, Blakney contended there was no evidence that he had been involved in a race or any other joint venture with Hall which, under the laws of this jurisdiction, might make him a joint tortfeasor should Hall be held responsible for the accident. We consider both points to be well taken.

◼ Although "[t]he function of the court on a summary judgment motion 'is limited to ascertaining whether any factual issue pertinent to the controversy exists,'" *Weiss v. Kay Jewelry Stores, Inc.,* 152 U.S. App.D.C. 350, 352–53, 470 F.2d 1259, 1261–63 (1972) (footnote omitted), and "doubts as to the existence of a genuine issue of a material fact must be resolved against the party moving for summary judgment," *Dewey v. Clark,* 86 U.S.App.D.C. 137, 143, 180 F.2d 766, 772 (1950); *Edwards v. Mazor Masterpieces, Inc.,* 111 U.S.App.D.C. 202, 295 F.2d 547 (1961), a motion for summary judgment cannot be defeated automatically by reference to a factual dispute in the pleadings. Affidavits and other evidence of record must be considered. Wright & Miller, Federal Practice and Procedure: Civil § 2712. We believe it is clear from the record here that the motions judge was correct: there is no genuine issue of material fact that could lead to a conclusion that appellee Blakney ran down Patrick Stevens.

◼ First, the witnesses unanimously testified that Patrick Stevens was struck by a blue motorcycle; Blakney's cycle was green. Second, all witnesses testified that the youth was struck by the second cycle. Both Blakney and Hall stated that Hall had had difficulty starting his motorcycle and, as a consequence, was running behind Blakney as they rode along Ontario Road. Furthermore, Blakney's statement is undisputed: while he was stopped for the first traffic light after turning from Ontario onto Kalorama, Hall rode through it. Thus, there is no room for dispute over the order in which the motorcycles of Blakney and Hall passed the scene of the accident on Ontario, or over the conclusion that Blakney's cycle, as the first one to pass the Stevens home, did not strike Patrick Stevens.[1]

---

1. It is true, as appellants point out, that when *the police* asked Pierre Whitney for the license number of the blue motorcycle, which reportedly struck Patrick Stevens, he gave them a number which corresponded to Blakney's green vehicle. However, in a later deposition, while recalling that only one of the cycles had stopped at the traffic light where he noted the license number, Mr. Whitney had no independent recollection of the color of the cycle.

Nor do we find in the record of complaint, answers, interrogatories, affidavits, and depositions any indication that appellee Blakney was engaged in a race or a joint venture with Hall which could serve as a basis for attributing Hall's actions to Blakney for purposes of assessing negligence. In reaching this conclusion, we need not assess the vitality in this jurisdiction of the view adopted elsewhere that all who engage in a race with motor vehicles on a public road are liable for an injury sustained as a result by a third party. *See, e. g., Haddock v. Stewart,* 232 Md. 139, 192 A.2d 105 (1963). We find nothing in the record indicating either directly or circumstantially that Blakney and Hall had explicitly or implicitly agreed to engage in a contest of speed when they left Ms. Poindexter's house or, indeed, at any point while they were riding together that evening. Testimony by some witnesses that the cycles were going "fast" is not in itself sufficient to give rise to an inference of racing, even though it might be probative of the liability of a particular driver for any accident which he could be shown to have proximately caused. "Speeding and racing are not concomitant acts, and proof of speeding alone did not prove a race. The gist of racing is competition and the facts must support an inference of some agreement to race." *Finn v. Morgan,* 46 A.D.2d 229, 362 N.Y.S.2d 292, 298 (1974) (*quoted in Walker v. Hall,* 34 Md.App. 571, 369 A.2d 105, 112 (1977)).

In the absence of a "genuine issue as to any material fact," defendant-appellee Blakney was entitled to summary judgment, pursuant to Super.Ct.Civ.R. 56.

### III.

Appellee Hall's motion for summary judgment was based upon the assumption, solely for the sake of argument, that Hall was operating his vehicle in a negligent fashion. He contends, nevertheless, that the accident was proximately caused by Patrick Stevens' running into the street from between two parked cars without first looking for oncoming traffic and, further, that Hall did not have a "last clear chance" to avoid the collision.

In support of this assertion, appellee Hall argues that (1) the child's violation of traffic regulations constituted contributory negligence per se and, in any event, (2) on the basis of undisputed facts in the record, the motions judge had to find the child contributorily negligent as a matter of law.

As to the first argument, we note that the United States Court of Appeals for the District of Columbia Circuit, in developing the law of negligence for this jurisdiction, has rejected automatic application of the negligence per se rule. *See Whetzel v. Jess Fisher Management Co.,* 108 U.S.App.D.C. 385, 388–90, 282 F.2d 943, 946–48 (1960); *Peigh v. Baltimore & O. R. Co.,* 92 U.S.App.D.C. 198, 200, 204 F.2d 391, 393 (1953). The court, rather, has limited the per se rule to situations in which the violation of a statute or regulation has frustrated its protective purpose. "Violation of a regulation does not, *ipso facto,* give rise to civil liability unless the regulation is one designed to prevent the sort of harm to the individual relying on it which has in fact occurred." *Id.* Thus, in the *Peigh* case, in which plaintiff's automobile collided with a boxcar allegedly parked in violation of a regulation limiting the length of time that railroad cars could be parked on a street, the court held that the per se rule should not be applied for plaintiff's benefit. Because the

---

Although the court does not evaluate the credibility of the material presented to it on a summary judgment motion, *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 627–28, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Dewey v. Clark, supra,* 86 U.S.App.D.C. at 144, 180 F.2d at 773; Wright & Miller, *supra* at § 2713, the court is surely free to note that not every ambiguity in the record raises a "genuine" issue as to a "material" fact. There may be several expla-

nations for Pierre Whitney's erroneous belief that it was the tag number of the blue cycle which he had written down, including, for example, an assumption that the second cycle through the block would be the more likely one to be stopped by the next traffic light. But, whatever the explanation, it can raise no doubt as to which cycle struck the victim or as to who was riding on that cycle.

purpose of the railroad regulation was to expedite traffic and encourage commerce, not to protect approaching motorists, the alleged violation, if proved, could at most be evidence of negligence, not negligence per se. On the other hand, if the jury were to find that the plaintiff had been violating certain motor vehicle regulations, his actions, under the circumstances, would have amounted to contributory negligence per se, since those regulations were designed to prevent the very kind of accident that occurred.[2]

■■ Even though the per se rule, limited by the "statutory purpose" gloss, has retained its validity, the courts of this jurisdiction have been wary of extending it to minors. In *Herrell v. Pimsler*, 307 F.Supp. 1166 (D.D.C.1969), an eleven-year-old boy on a bicycle was struck by an automobile. Defendant claimed that the boy was chargeable with per se contributory negligence because he had violated traffic signals and other regulations. Judge Youngdahl held that the application of a per se negligence rule to minors was logically incompatible with the traditional adherence of this jurisdiction to the view "that the question whether a child of tender years has exercised such care as would reasonably be expected from a person of his age and capacity is a question for the jury, and to be determined by the circumstances of the particular case." *Barstow v. Capital Traction Co.*, 29 App.D.C. 362, 373 (1907). *See National City Development Co. v. McFerran*, D.C.Mun.App., 55 A.2d 342, 345 (1947); *United States v. Benson*, 88 U.S.App.D.C. 45, 185 F.2d 995 (1950). Judge Youngdahl accordingly chose to apply what he called "the majority rule":

> [A] proper charge to the jury . . . should clearly state that a violation of a traffic regulation *is only one factor* to be considered in determining whether minor plaintiff is guilty of contributory negligence and that the jury should consider whether minor plaintiff exercised reasonable care in light of his age, education, training, and experience. [*Herrell v. Pimsler, supra* at 1171 (footnote omitted; emphasis added).][3]

We agree with Judge Youngdahl's formulation; it reflects the only feasible way to evaluate negligence when a statutory or regulatory violation must be combined with the traditional standard of care applicable

---

2. This "statutory purpose" gloss on the per se negligence rule has resulted in use of the per se rule for most motor vehicle accidents. "Our Court of Appeals has consistently held in personal injury cases involving vehicles that if an applicable traffic regulation is violated negligence has been established as a matter of law, thus leaving only the question of proximate cause to be decided." *Herrell v. Pimsler*, 307 F.Supp. 1166, 1168 (D.D.C.1969). *Accord, Richardson v. Gregory*, 108 U.S.App.D.C. 263, 266–67, 281 F.2d 626, 629–30 (1960). The circuit court of appeals, however, has not been altogether consistent in applying the "per se negligence"—"evidence of negligence" dichotomy; in at least one case the court approved the following jury instruction in a wrongful death action: "If the truck was considerably in excess of the speed limit, that in itself may be considered . . . *as evidence of negligence* under our law . . . ." *Gulf Oil Corp. v. Reed*, 118 U.S.App.D.C. 212, 215, 334 F.2d 960, 963 (1964) (emphasis added).

It is important to emphasize in this connection that even when the per se negligence rule is applicable, the jury may have a difficult threshold question as to whether, in fact, the relevant statute or regulation has been violated. *See, e. g., Yellow Cab Co. of D.C. v. Griffith*, D.C.Mun.App., 40 A.2d 340, 342 (1944) (adult pedestrian, questionable "jaywalking"); *Berman v. Anderson*, 98 U.S.App.D.C. 56, 232 F.2d 56 (1956) (adult pedestrian, questionable crosswalk); *Gutshall v. Wood*, 74 U.S.App.D.C. 379, 382, 123 F.2d 174, 177 (1941) (adult pedestrian, questionable red light).

3. In dicta, the circuit court of appeals in *D.C. Transit System v. Bates*, 104 U.S.App.D.C. 386, 389, 262 F.2d 697, 700 (1958), stated that "the accident was due solely to [six-year-old] Darryl's act in running into the street without any indication of his intention to do so, against a warning light which he had seen and understood, and without looking for approaching traffic. This violation of a traffic regulation was negligence *per se*, unless it can be said that, because of his age, Darryl was incapable of negligence." The court went on to imply that if the jury were to conclude, in a threshold inquiry, that the child was generally "capable of negligence," *id.*, the per se rule would then apply. We conclude that such a two step analysis would be wholly unworkable.

to minors.[4] Appellee's per se contributory negligence argument, as a basis for summary judgment, accordingly fails.[5]

We therefore turn to appellee Hall's second argument, namely, that even if the doctrine of per se negligence has no applicability in this case, the Stevens child was contributorily negligent as a matter of law. Appellee asserts that the question whether his headlamp was on is immaterial—that the affidavits and depositions of witnesses to the accident indicate there was sufficient light on the street for Patrick Stevens to see the motorcycle. This argument is not at all persuasive. The record establishes at least three genuine issues of material fact bearing on the question whether Patrick Stevens was contributorily negligent. In the first place, several witnesses testified that it was "pretty dark," "real dark," or "very dark." Second, there was testimony that the sound of the first cycle, ridden by Blakney, made imperceptible the sound of Hall's approaching vehicle. Thus, there was a factual dispute over the importance of Hall's unlighted headlamp to the contributory negligence issue. Finally, there was conflicting testimony over how close the motorcycle was traveling to the parked cars. Given the possibility that the vehicle's headlamp was not on, the position of the vehicle on the roadway—and thus the opportunity for the youth to see the motorcycle through the line of parked cars without stepping out on the roadway—would be material to the factfinder's deliberations about contributory negligence.

In summary, the question whether a youth of Patrick Stevens' age and capacity should have been expected to see a motorcycle without a headlight coming along this particular residential street at 10:30 p. m. in late August—and thus avoid the collision—is for the jury, not for summary judgment by the court. Because we reject appellee Hall's assertion that Patrick Stevens was contributorily negligent as a matter of law, we need not consider the proximate cause issue, including appellee's contention that he did not have a "last clear chance" to avoid the accident.

Accordingly, the judgment on appeal as to appellee Blakney is affirmed. As to appellee Hall, the judgment is reversed and the case remanded for further proceedings.

*So ordered.*

---

**4.** Judge Youngdahl announced one exception to his formulation (with which we need not deal here). "[T]he Court is in agreement with those jurisdictions which hold minor automobile drivers and motorcycle riders to the adult standard of care and the negligence per se rule . . ." *Herrell v. Pimsler, supra* at 1172. This exception has been justified on the ground that a minor who drives a car or motorcycle "engages in an activity which is normally undertaken only by adults, and for which adult qualifications are required." *Prichard v. Veterans Cab Co.,* 63 Cal.2d 727, 732, 47 Cal.Rptr. 904, 907, 408 P.2d 360, 363 (1965).

**5.** Even if the per se negligence rule were applicable to Patrick Stevens here, there would remain the question of proximate cause. The evidence shows that both Carroll Hall and Patrick Stevens may have violated traffic regulations—Hall, the regulations requiring drivers of vehicles to exercise "due care to avoid colliding with any pedestrian," *Highways and Traffic Regulations for the District of Columbia,* Part I, § 54, and to display "lighted lamps" from "a half hour after sunset to a half hour before sunrise," *id.,* Part I, § 118, and Stevens, the regulation requiring pedestrians to "yield the right-of-way to all vehicles upon the roadway" except at marked crosswalks or intersections. *Id.,* Part I, § 53. Where both sets of regulations may have been violated, per se concepts which, in their strict application, would support a finding of negligence by both parties, are of limited assistance in resolving the question of liability, given the jury's complex responsibility of sorting out proximate cause.